# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SAMSON RESOURCES COMPANY; SAMSON LONE
STAR, LLC; and SAMSON CONTOUR ENERGY E&P,
LLC,

       Plaintiffs,

vs.

VALERO MARKETING AND SUPPLY COMPANY;
NCRA/NATIONAL COOPERATIVE REFINERY
ASSOCIATION; HUSKY MARKETING AND SUPPLY
COMPANY; CHEVRON TEXACO LP; TEPPCO CRUDE
GP, LLC; CIMARRON TRANSMISSION COMPANY;
INTERSTATE PETROLEUM CORPORATION; MERRILL
LYNCH, PIERCE, FENNER & SMITH, INCORPORATED;
OCCIDENTAL ENERGY MARKETING, INC.; OASIS
TRANSPORTATION AND MARKETING
CORPORATION; PLAINS MARKETING GP, INC.;
PLAINS MARKETING, L.P.; SHELL OIL COMPANY; BP
OIL SUPPLY COMPANY; J. ARON & COMPANY;
SUNOCO LOGISTICS PARTNERS, LP;
CONOCOPHILLIPS COMPANY; and COFFEYVILLE
RESOURCE REFINING & MARKETING, LLC,

       Defendants.

No. CIV 09-0863 JB/LAM
consolidated with
No. CIV 09-0865 JB/KBM

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Parties' Stipulation of Relevant

Jurisdictional Facts and Authorities, filed April 5, 2011 (Doc. 167). The Court held a hearing on

March 29, 2011. The primary issue is whether this matter implicates bankruptcy jurisdiction. The

Court concludes that bankruptcy jurisdiction exists to hear this matter, and refers the consolidated

cases to the United States Bankruptcy Court for the District of New Mexico for adjudication.

## FACTUAL BACKGROUND

Plaintiffs Samson Resources Company, Samson Lone Star, LLC, and Samson Contour Energy E&P, LLC (collectively, "Samson"), and Defendants Plains Marketing, L.P., and Plains Marketing GP, Inc. (collectively, "Plains Marketing") stipulate to the following jurisdictional facts.[1]

On July 22, 2008, SemGroup, L.P., and its affiliates, including SemCrude, L.P., and Eaglwing, L.P. (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. Plains Marketing has filed multiple proofs of claims against the Debtors, arising from the parties' contractual arrangements for the purchase and sale of oil and gas. In addition, Plains Marketing commenced an adversary proceeding in the Delaware Bankruptcy Court seeking to tender approximately $2.5 million to the Debtors, in full satisfaction of its obligations to them.

On October 5, 2009, the Delaware Bankruptcy Court entered an agreed order for Plains Marketing to tender $2.5 million (the "Tendered Funds") to the Debtors subject to certain conditions and limitations, including a reservation of rights with respect to Samson's claims against Plains Marketing. The Tendered Funds are being held in a segregated account pending the outcome of Plains Marketing's claims against the Debtors.

Samson commenced these combined cases in the Fifth Judicial District for the State of New Mexico on July 21, 2009. The first case was filed in New Mexico State District Court for Chaves

---

[1] To the extent that they have the authority to do so, Samson and Plains Marketing both agree that this stipulation shall not bind or be used by either party in any other proceeding. In addition, Samson and Plains Marketing agree that neither party will use any subsequent ruling on this Court's jurisdiction arising from this stipulation as a basis to assert claim or issue preclusion or law of the case in any other proceeding. While Samson and Plains Marketing cannot agree to facts that are not true in an effort to consent to federal Court jurisdiction when there is none, the Court has no reason to doubt the veracity of the stipulated facts.

County and relates to oil and gas produced from wells located in Chaves County.  The second case was filed in the New Mexico State District Court for Lea County and relates to oil and gas produced from wells located in Lea County.  Samson seeks declarations that Plains Marketing is a first purchaser from Samson, that the crude oil Samson sold to Plains Marketing and the resulting proceeds are encumbered with statutory purchase-money security interests and liens, or held in constructive/resulting trust for the benefit of Samson under New Mexico state law, an accounting, surrender of the crude oil and proceeds, and a lien foreclose.  All of the claims asserted in these cases, which relate solely to the production from these two New Mexico counties, are based upon New Mexico law, including claims pursuant to the Oil and Gas Products Lien Act, N.M.S.A. 1978, §§ 48-9-1 through 48-9-8.

## PROCEDURAL BACKGROUND

The cases were removed to this Court pursuant to 28 U.S.C. §§ 1334(b), 1446, and 1452(a) on September 9, 2009.  On October 28, 2009, the Delaware Bankruptcy Court confirmed the Debtors SemGroup, L.P., and its affiliates' joint plan of reorganization.  The order confirming the plan provided that Plains Marketing could continue to assert its claims, if any, against the Debtors, including against the Tendered Funds, subject to all available defenses and objections.

On June 3, 2010, Plains Marketing filed a motion in Delaware Bankruptcy Court to recoup a portion of the Tendered Funds on the basis that the actions brought by the producers against it, including these cases pending before the Court, amount to "attacks on its title" to the oil and gas it purchased from the Debtors, and thereby breached the warranty of title contained in the contracts between Plains Marketing and the Debtors.  The Debtors have opposed Plains Marketing's motion to recoup, which is pending before the Delaware Bankruptcy Court.

On March 17, 2011, Plains Marketing filed its third amended complaint in the Bankruptcy Court.  The third amended complaint asserts a claim of indemnification against the Debtors for the "actions taken against it by the Producers," including the cases pending before the Court.  The Debtors recently filed their answer to Plains Marketing's third amended complaint and dispute that Plains Marketing is entitled to such indemnification.

On March 29, 2011, this Court held a hearing on the Plaintiffs' Combined Motion to Remand and Brief in Support, filed September 25, 2009 (Doc. 62), and Plains Marketing's Motion to Dismiss, Transfer or Stay Proceedings and Brief in Support, filed September 14, 2009 (Doc. 12).  At the hearing, the parties withdrew these motions in their entirety and agreed to go forward with these cases before the Court.  Cautioning the parties that they could not consent to federal Court jurisdiction where there is none, however, the Court required the parties to provide the relevant jurisdictional facts so that it could determine independently whether it possessed jurisdiction to decide these cases.

On April 5, 2011, the parties filed their Stipulation of Relevant Jurisdictional Facts and Authorities.  See Doc. 167.  Samson and Plains Marketing submit stipulated facts, precedents, and decisions to provide the Court information to assist it in determining whether it possesses jurisdiction of these cases pursuant to 28 U.S.C. § 1334(b).

## LAW REGARDING BANKRUPTCY JURISDICTION

The Constitution gives Congress the power "[t]o establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."  U.S. Const. Art. I § 8.  The federal courts' jurisdiction over bankruptcy law and cases is grounded in and limited by statute.  See Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995).  In relevant part, the statute provide that "the district courts

shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. 1334(b).  28 U.S.C.A. § 1334 provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(d) Any decision to abstain or not to abstain made under subsection (c) (other than a decision not to abstain in a proceeding described in subsection (c)(2)) is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title. Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction --

(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and

(2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

28 U.S.C. § 1334.

The jurisdictional grant distinguishes between "core" and "non-core"/"related to" proceedings. In re Wilborn, 609 F.3d 748, 752 (5th Cir. 2010).

Bankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress. Johnson v. First Nat'l Bank of Montevideo, 719 F.2d 270, 273 (8th Cir. 1983), cert. denied, 465 U.S. 1012 . . . (1984). Bankruptcy courts have jurisdiction over core proceedings. See 28 U.S.C. § 157. Core proceedings are proceedings which have no existence outside of bankruptcy. In re Alexander, 49 B.R. 733, 736 (Bankr. D.N.D. 1985). Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings. In re Wood, 825 F.2d 90, 96 (5th Cir. 1987).

. . . .

Bankruptcy courts also have jurisdiction over related proceedings, under the authority of 28 U.S.C. § 1471(b), which confers jurisdiction on district courts for cases related to title 11 proceedings. In re Fietz, 852 F.2d 455, 456 (9th Cir. 1988); see also 28 U.S.C. § 157. Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. In re Colorado Energy Supply, Inc., 728 F.2d 1283, 1286 (10th Cir. 1984). "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted). Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate. Id.; see also In re Wood, 825 F.2d at 93 (related matters conceivably have effect on administration of bankruptcy estate); In re Dogpatch U.S.A., Inc., 810 F.2d 782, 786 (8th Cir. 1987) (same); In re Bobroff, 766 F.2d 797, 802 (3d Cir. 1985) (same).

A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987). When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, In re Hall's Motor Transit Co., 889 F.2d 520, 523 (3d Cir. 1989); In re Xonics, Inc., 813 F.2d at 131; In re Muller, 72 B.R. 280, 284 (C.D. Ill. 1987), aff'd, 851 F.2d 916 (7th Cir. 1988), cert. denied, 490 U.S. 1007 . . . (1989), and the property's relationship to the bankruptcy proceeding comes to an end. See In re Hall's Motor Transit Co., 889 F.2d at 523. Thus, the bankruptcy court lacks related jurisdiction to resolve controversies between third

party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy.  In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979).

In re Gardner, 913 F.2d 1515, 1517-18 (10th Cir. 1990)(emphasis added).  Section 157 of Title 28

provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

> (2) Core proceedings include, but are not limited to --

> > (A) matters concerning the administration of the estate;

> > (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

> > (C) counterclaims by the estate against persons filing claims against the estate;

> > (D) orders in respect to obtaining credit;

> > (E) orders to turn over property of the estate;

> > (F) proceedings to determine, avoid, or recover preferences;

> > (G) motions to terminate, annul, or modify the automatic stay;

> > (H) proceedings to determine, avoid, or recover fraudulent conveyances;

> > (I) determinations as to the dischargeability of particular debts;

> > (J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

(3) The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.  A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to

enter appropriate orders and judgments, subject to review under section 158 of this title.

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

(e) If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C.A. § 157. The statutory reference of "related to" or "non-core" proceedings "is primarily intended to encompass tort, contract, and other legal claims by and against a debtor." Zerand-Bernal Group, Inc. v. Cox, 23 F.3d 159, 161 (7th Cir. 1994)(Posner, J.).

A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987). When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, In re Hall's Motor Transit Co., 889 F.2d 520, 523 (3d Cir. 1989); In re Xonics, Inc., 813 F.2d at 131; In re Muller, 72 B.R. 280, 284 (C.D. Ill. 1987), aff'd, 851 F.2d 916 (7th Cir. 1988), cert. denied, 490 U.S. 1007 . . . (1989), and the property's relationship to the bankruptcy proceeding comes to an end. See In re Hall's Motor Transit Co., 889 F.2d at 523. Thus, the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors which do not involve the debtor or his property unless the court cannot complete administrative duties without resolving the controversy. In re Shirley Duke Assocs., 611 F.2d 15, 18 (2d Cir. 1979).

In re Gardner, 913 F.2d 1515, 1518 (10th Cir. 1990).

## ANALYSIS

The Supreme Court of the United States has observed:

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

-9-

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)(citations and quotations omitted).  Before it may accept the parties' agreement to have this Court hear this matter, the Court must determine whether it has jurisdiction under 28 U.S.C.A. §§ 157 and 1334.  The parties are not diverse -- both the Plaintiffs and Defendants include Delaware corporations -- and Samson's claims are based on state law.  If the Court has jurisdiction, therefore, it must come from bankruptcy law.  Because Samson seeks declaratory relief deciding whether Plains Marketing's obligations are to the Debtor's estate or to Samson, Samson's claims implicate the Court's bankruptcy core jurisdiction.  Because the District of New Mexico has entered an order, pursuant to 28 U.S.C. § 157(a)("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."), that "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law,"  In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules, Misc. No. 84-0324 (D.N.M. March 19, 1992), the Court, having found bankruptcy jurisdiction over this matter, refers the case to the United States Bankruptcy Court for the District of New Mexico.

I.     **THE COURT HAS BANKRUPTCY JURISDICTION OVER THIS CASE.**

Samson seeks declaratory relief, judgments in personam and judgments in rem against Plains Marketing, who it alleges has not paid for and is in wrongful possession of oil and the proceeds of the sale of that oil, which are encumbered with Samson's liens, security interests and trust rights.  Samson seeks a declaration that

> the Samson Proceeds held by Defendants as a result of the sale of the oil produced by Samson and sold through SemGroup to Defendants, retain a legally cognizable special status as purchase money security interests, liens, and constructive/resulting trusts, or proceeds flowing therefrom, and must be paid over to and for the benefit

-10-

of Samson in such fashion as the Court deems appropriate in order to adequately and properly secure said interests of Samson.

Complaint ¶ 18, at 7.  Samson further seeks a declaration that Plains Marketing is a first purchaser under New Mexico law, and that "SemGroup acted as agent for Defendants in purchasing crude oil from Samson for which Defendants have not paid, and Defendants not SemGroup are the first purchaser of Samson's crude oil under applicable state law."  Complaint ¶ 22, at 8.  Samson also seeks an accounting, surrender of the crude oil and proceeds, and a lien foreclose.  Samson seeks, in effect, a declaration that Plains Marketing owes obligations to Samson, and not to the Debtors, which would affect the size of the bankruptcy estate.

The Court concludes that Samson's declaratory relief claim is a core bankruptcy proceeding. In In re Gardner, 913 F.2d 1515 (10th Cir. 1990), the United States Court of Appeals for the Tenth Circuit held that, while the initial decision whether property was part of a bankruptcy estate is a core bankruptcy proceeding, a federal court had no bankruptcy jurisdiction thereafter to decide the priority of third parties' interests in property.  The case involved a dispute between Mrs. Gardner, the former spouse of the debtor, who claimed an interest in the debtor's estate from a ruling in a state court divorce proceeding, and the Internal Revenue Service ("IRS"), who claimed an interest from a tax lien.  The Tenth Circuit "affirm[ed] the determination that Mr. Gardner had no interest in the marital property after the final divorce decree and remand[ed] for dismissal for lack of jurisdiction the bankruptcy court's determination" of the priority of the third parties' interests in the property. The Tenth Circuit stated:

> Although determination of whether the marital property is part of the bankruptcy estate is a core proceeding, the later determination of the ownership of the marital property as between third parties, such as Mrs. Gardner and the government, is not a core proceeding.  See In re Holland Indus., Inc., 103 B.R. 461, 466 (Bankr. S.D.N.Y. 1989) (bankruptcy courts determine validity of tax liens under

-11-

rubric of core proceedings only when lien concerns debtor's property); cf. In re Jackson, 102 B.R. 82 (Bankr. N.D. Tex. 1988) (court had jurisdiction to determine validity, extent or priority of liens on homestead property pursuant to 28 U.S.C. § 157(b)(2)(K) and (O) as a core proceeding and as a related proceeding even though property was no longer property of bankruptcy estate; jurisdiction retained only to determine what debts are discharged and unsecured indebtedness of debtor's estate). Accordingly, this action is not a core bankruptcy proceeding.

. . . .

In this case, the dispute between the government and Mrs. Gardner does not involve identification of the debtor's property interest, since the bankruptcy court had determined Mr. Gardner had no interest in the property. See In re Xonics, Inc., 813 F.2d at 131. Rather, this case involves the conflict between two creditors over property no longer a part of the bankruptcy estate. The conflict between the government and Mrs. Gardner is irrelevant to the bankruptcy estate, because the disputes regarding their stake in Mr. Gardner's property have been resolved, see In re Incor, Inc., 100 B.R. 790, 799 (Bankr. D. Md. 1989), and neither Mr. Gardner nor the bankruptcy estate are affected by the dispute between Mrs. Gardner and the government, see In re Alexander, 49 B.R. at 737 (bankruptcy court "lacks the jurisdiction to either hear or decide private lien priority disputes involving secured creditors whose dispute does not either directly or indirectly affect the debtor or property of the estate"); see also In re Federal Shopping Way, Inc., 717 F.2d 1264, 1272 (9th Cir. 1983) (when property is outside bankruptcy court's possession and trustee claims no interest in property, bankruptcy court is without jurisdiction to adjudicate conflicting claims to ownership of property).

913 F.2d at 1517-19.

Similarly, in In the Matter of Xonics, Inc., 813 F.2d 127 (7th Cir. 1987)(Easterbrook, J.), the

United States Court of Appeals for the Seventh Circuit hypothesized:

Suppose A, B, and C claim interests in a pool of oil. If A is a bankrupt, the bankruptcy court could determine the interests of all three in the property under 28 U.S.C. § 157(b)(2) or § 157(c)(1), because only after identifying the "property" of the estate may the court apportion that property among creditors. But if the estate should disclaim any interest in the pool, only the dispute between B and C would remain. The resolution of that dispute would not affect the creditors of the bankrupt, and there would be no source of jurisdiction. That B and C might also be creditors of the bankrupt would not enlarge the court's power; there is no jurisdiction to resolve all disputes among creditors of a bankrupt. There is jurisdiction under § 157(c)(1) only when the dispute is "related to" the bankruptcy -- meaning that it affects the amount of property available for distribution or the allocation of property

among creditors.  In re Paso del Norte Oil Co., 755 F.2d 421 (5th Cir. 1985); Pacor, Inc. v. Higgins, 743 F.2d 984, 994-96 (3d Cir. 1984).  The bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets.  It extends no farther than its purpose.  That two creditors have an internecine conflict is of no moment, once all disputes about their stakes in the bankrupt's property have been resolved.  Cf. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 . . . (1978) (same principle outside of bankruptcy law -- a cross-claim between defendants requires a new source of federal jurisdiction when it does not affect the disposition of the claim that supplied the original federal jurisdiction).  The unrelated dispute among two creditors also would not be a "core" proceeding under § 157(b)(2); it is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction.

813 F.2d at 131 (footnotes omitted).

The Court concludes that Samson's request for declaratory relief is a core proceeding under 28 U.S.C. § 157, because Samson seeks to determine the parties' "stakes in the bankrupt's property." 813 F.2d at 131.  Section 157(b) provides a non-exclusive list of those matters that constitute core proceedings, including: (i) "matters concerning the administration of the estate"; (ii) "allowance or disallowance of claims against the estate"; (iii) "orders to turn over property of the estate"; (iv) "proceedings to determine, avoid, or recover preferences"; and (v) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship."  28 U.S.C. § 157(b)(2).  Here, Samson seeks a declaration that Plains Marketing, and not the Debtors, were the first purchasers under New Mexico law, and Plains Marketing's debt is to Samson, and not to the bankruptcy estate.  Samson seeks in effect a "determination of whether the [debt] is part of the bankruptcy estate," which "is a core proceeding." In re Gardner, 913 F.2d at 1518.  See 28 U.S.C. § 157(b)(2)(K)("Core proceedings include . . . determinations of the validity, extent, or priority of liens.").  Unlike the procedural posture of In re Gardner, no court has determined whether the debt is part of the Debtors' estate.  Additionally, unlike the hypothetical facts in In the Matter of Xonics, Inc., the Debtors have not "disclaim[ed] any

interest" in the debt.  813 F.2d at 131.

Even if the Court did not have core bankruptcy jurisdiction over Samson's claims, it would have related-to jurisdiction.  In a case with similar facts, the United States Court of Appeals for the Fifth Circuit held that "related-to" jurisdiction existed over a plaintiff's damages claim.  In re TXNB Internal Case, 483 F.3d 292, 298 (5th Cir. 2007).  In that case, Edge Petroleum Operating Co. ("Edge"), a natural-gas producer, sold gas to the debtors who in turn sold the gas to Duke Energy Trading and Marketing, L.L.C. ("Duke").  Without paying Edge for the natural gas, the debtors filed for bankruptcy.  Edge subsequently sued Duke in state court seeking to recover the amount owed to it for the sale of the natural gas.  The Fifth Circuit held that removal to federal court was appropriate because federal courts have jurisdiction over proceedings "related to" bankruptcy proceedings.  The Fifth Circuit reasoned:

> Although . . . this case involves only a claim against Duke's assets, the district court was wrong to assume that a claim by Edge solely against Duke's property does not relate to the debtors' bankruptcy proceedings.  Someone owes Edge money for the gas; if it is not Duke, it is the debtors.  See id.  If it is Duke, then Duke will have discharged a liability of the debtors and, as the bankruptcy court recognized, probably will file a claim against the debtors' estates for reimbursement.  Although there likely would be no change in the amount of liability claimed against the debtors, Duke and Edge presumably had different contractual arrangements with the debtors and different statutory bases for their claims.

Id. at 298.

In Samson Resources Company v. Occidental Energy Marketing, Inc., No. CIV 09-0828 WJ/GBW, Memorandum Opinion and Order Denying Defendant's Motion to Dismiss or Transfer the Proceedings and Granting Defendant's Motion to Stay Proceedings (Doc. 25)(D.N.M. May 12, 2010), the Honorable William C. Johnson, United States District Court Judge for the District Court of New Mexico, relied on In re TXNB Internal Case to find related-to jurisdiction over Samson's

claims against Occidental Energy Marketing, Inc., which sought only damages and did not seek declaratory relief.  Judge Johnson reasoned: "Here, either Eaglwing or Occidental owes Samson money for the oil sold from the Lea County well.  Any ruling by this Court would affect the claims against Eaglwing's estate or the value of that estate in the bankruptcy proceedings."  Memorandum Opinion and Order Denying Defendant's Motion to Dismiss or Transfer the Proceedings and Granting Defendant's Motion to Stay Proceedings at 12.  The same reasoning applies to this case, so long as a question remains whether the debt is part of the Debtor's estate.  See In re Gardner, 913 F.2d 1518 ("A civil proceeding is related to a bankruptcy proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984))).  Cf. In re Gardner, 913 F.2d at 1518 ("Although determination of whether the marital property is part of the bankruptcy estate is a core proceeding, the later determination of the ownership of the marital property as between third parties, such as Mrs. Gardner and the government, is not a core proceeding."  (citing In re Holland Indus., Inc., 103 B.R. 461, 466 (Bankr. S.D.N.Y. 1989))).  The Court concludes, therefore, that it has bankruptcy jurisdiction over this case.

## II.   THE COURT REFERS THIS CASE TO THE BANKRUPTCY COURT FOR THE DISTRICT OF NEW MEXICO.

The Court, having found bankruptcy jurisdiction over this matter, refers the case to the United States Bankruptcy Court for the District of New Mexico.  In In re Wilborn, the United States Court of Appeals for the Fifth Circuit stated:

> Once federal jurisdiction is found in the district court under § 1334(b), which is construed broadly, the extent to which a bankruptcy court may adjudicate a referred matter depends on whether the proceeding is considered to be "core" or "non-core." In re Majestic Energy Corp.[, 835 F.2d 87, 90 (5th Cir. 1988)].  "Core" proceedings are those that "arise under" Title 11 insofar as they involve a cause of action created

-15-

by a statutory provision therein, and those that "arise in" cases under Title 11, which by their nature can only arise in bankruptcy cases; the district court may refer such core matters to the bankruptcy court for full adjudication.  See [In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)]; 28 U.S.C. § 157(b).  For matters that "relate to" bankruptcy cases, however, the bankruptcy court may only issue proposed findings and conclusions to the district court.  See In re Southmark Corp.[, 163 F.3d 925, 930 & n.8 (5th Cir. 1999)].

609 F.3d at 752.

The Tenth Circuit stated recently in In re George Love Farming, LC, No. 10-4076, 2011 WL 880285 (10th Cir. 2011):

Bankruptcy courts may exercise jurisdiction over "core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1).  Core proceedings "include, but are not limited to . . . matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." § 157(b)(2)(A), (O).  Further, district courts "may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." § 157(a). The District of Utah has so provided. See D. Utah Civ. R. 83-7.1.  Accordingly, the Utah Bankruptcy Court has jurisdiction over all matters that are: (1) core bankruptcy proceedings; or (2) related to ongoing bankruptcy proceedings.

2011 WL 880285, at *3.  See 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").  The District Court of New Mexico has similarly provided that "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the district to the extent permitted by law."  In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules, Misc. No. 84-0324 (D.N.M. March 19, 1992).

The parties have not presented any argument or reasons, sound to otherwise, why the Court should withhold the referral under its standing order in this case.  Section 157(d) of Title 28 of the

United States Code provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). "Cause must be shown before the reference can be withdrawn." In re Martinez, No. 09-15502-J7, No. CIV 10-0454 JB/WDS, ADV 10-0103-J, 2010 WL 3075282, at *2 (D.N.M. July 15, 2010)(Browning, J.)(citing In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)).

> Factors relevant to the Court's determination of whether to withdraw the reference for cause include: (1) whether the proceeding is core or non-core; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of the debtors' and creditors' resources; (5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand.

In re Cook, No. CIV 09-803 JCH/CG, 2010 WL 1734737, at *3 (D.N.M. Apr. 19, 2010)(quoting In re Apponline.com, Inc., 303 B.R. 723, 726 (E.D.N.Y. 2004)). The parties' stipulated facts do not suggest a reason for the Court to withhold referral. The Court therefore refers this matter to the district's bankruptcy court "to the extent permitted by law." Because this matter implicates core bankruptcy jurisdiction, the Court refers this case to the "bankruptcy court for full adjudication." In re Wilborn, 609 F.3d at 752 (citations omitted). See 28 U.S.C. § 157(b)("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments . . . .").

**IT IS ORDERED** that: (i) the Court finds this matter implicates core bankruptcy jurisdiction; and (ii) the Court refers the consolidated cases to the United States Bankruptcy Court for the District of New Mexico for adjudication.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Adriann Ragsdale
Phillip T. Brewer
Roswell, New Mexico

-- and --

Chad J. Kutmas
Gary M. McDonald
James P. McCann
William H. Spitler
McDonald, McCann & Metcalf, LLP
Tulsa, Oklahoma

    *Attorneys for the Plaintiffs*

Ian D McKelvy
Sanders, Bruin, Coll & Worley, P.A.
Roswell, New Mexico

-- and --

Ariadne Montare
John Zavitsanos
Timothy C. Shelby
Ahmad, Zavitsanos & Anaipakos, PC
Houston, Texas

    *Attorneys for Defendants Plains Marketing GP, Inc., and Plains Marketing, L.P.*

Michael H. Feldewert
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

Michael M. Parker
Fulbright & Jaworski LLP
San Antonio, Texas

-- and --

Dennis Cameron
Lisa Silvestri
Tyson Schwerdtfeger
Gable Gotwals
Tulsa, Oklahoma

*Attorneys for Defendant Valero Marketing and Supply Company*

Christopher A Mcelgunn
Klenda, Mitchell, Austerman & Zuercher, LLC
Wichita, Kansas

-- and --

Rodney L. Schlagel
Sherrill K. Filter
Butt, Thornton & Baeh
Albuquerque, New Mexico

*Attorneys for Defendant NCRA/National Cooperative Refinery Association*

Michael B. Campbell
Campbell Trial Law, LLC
Santa Fe, New Mexico

-- and --

Michael H. Feldewert
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

Alan M. Unger
Michael G. Burke
Sidley Austin LLP
New York, New York

    *Attorneys for Defendant Husky Marketing and Supply Company*

Robert E. Sabin
John S. Nelson
Lee M. Rogers, Jr.
Atwood, Malone, Turner & Sabin, PA
Roswell, New Mexico

    *Attorneys for Defendant Teppco Crude GP, LLC*

Andrew G. Schultz
Catherine T. Goldberg
Rodey, Dickason, Sloan, Akin & Robb
Albuquerque, New Mexico

-- and --

Mark L. Desgrosseilliers
Somble Carlyle Sandridge & Rice, PLLC
Wilmington, Delaware

    *Attorneys for Defendant Cimarron Transmission Company*

Gordon H. Rowe, III
Rowe Law Firm, PC
Albuquerque, New Mexico

-- and --

Robert T. Cosgrove
Burns, Wall Smith and Mueller, P.C.
Denver, Colorado

    *Attorneys for Defendant Interstate Petroleum Corporation*

Andrew G. Schultz
Catherine T. Goldberg
Rodey, Dickason, Sloan, Akin & Robb
Albuquerque, New Mexico

    *Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated*

Dennis Cameron
Lisa Silvestri
Tyson Schwerdtfeger
Gable Gotwals
Tulsa, Oklahoma

-- and --

Seth Campbell McMillan
Walter J. Melendres
Montgomery & Andrews, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Occidental Energy Marketing, Inc.*

David Zalman
Melissa E. Byroade
Thomas B. Kinzler
Kelley Drye & Warren LLP
New York, New York

-- and --

Michael H. Feldewert
Holland & Hart, LLP
Santa Fe, New Mexico

    *Attorneys for Defendant BP Oil Supply Company*

Derek V. Larson
Stevan Douglas Looney
Sutin, Thayer & Browne
Albuquerque, New Mexico

    *Attorneys for Defendant J. Aron & Company*

Eric N. Macey
Christopher S. Moore
Courtney D. Tedrowe
Novack and Macey, LLP
Chicago, Illinois

-- and --

Paul Melendres
Melendres & Melendres
Albuquerque, New Mexico

-- and --

Jennifer P. Knox
Claudia Z. Springer
Reed Smith LLP
Philadelphia, Pennsylvania

　　　*Attorneys for Defendant Sunoco Logistics Partners, LP*

Michael B. Campbell
Campbell Trial Law, LLC
Santa Fe, New Mexico

-- and --

Michael H. Feldewert
Holland & Hart, LLP
Santa Fe, New Mexico

　　　*Attorneys for Defendant Conocophillips Company*

Clifford K. Atkinson
Douglas A. Baker
Atkinson, Thal & Baker, PC
Albuquerque, New Mexico

-- and --

Derek V. Larson
Stevan Douglas Looney
Sutin, Thayer & Browne
Albuquerque, New Mexico

-- and --

Boaz S. Morag
Matthew M. Bunda
Clearly Gottlieb Steen & Hamilton, LLP
New York, New York

    *Attorneys for Defendant Coffeyville Resource Refining & Marketing, LLC*

Michael H. Feldewert
Holland & Hart, LLP
Santa Fe, New Mexico

    *Attorney for Defendants Chevron Texaco LP and Shell Oil Company*